IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVON R. KIRKLAND,<br><br>           Petitioner,<br><br>   v.<br><br>DIAZ,<br><br>           Respondent. | No. 2:20-CV-0748-JAM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court are Petitioner's petition for a writ of habeas corpus (ECF No. 1), Respondent's motion to dismiss (ECF No. 12), Petitioner's opposition to the motion to dismiss (ECF No. 18), and Respondent's reply to the opposition (ECF No. 20).

///
///
///
///
///
///
///

1

# I. BACKGROUND

**A.**     <u>Facts</u>[1]

The state appellate court recited the following facts, and Petitioner has not offered any clear and convincing evidence to rebut the presumption that these facts are correct:

> The victims were a boyfriend and girlfriend, both around 14 years old. They were hanging out at an elementary school park when someone walked past them. Concerned, they started to leave. As they did, defendant appeared in front of them, stopping them.
> Defendant pulled out a gun and told the victims to empty their pockets. The girlfriend tossed their two phones to the ground along with $10. Defendant took the property and told the victims to get going. Defendant was 19 years old at the time.
> A jury found defendant guilty of two counts of second degree robbery (§ 211 (counts one and two)) and found he had personally used a firearm in the commission (§ 12022.53, subd. (b)). It also found him guilty of possessing a firearm as a felon (§ 29800, subd. (a)(1) (count three)). Defendant admitted to serving a prior prison term (§ 667.5, subd. (b)) for assault by means likely to produce great bodily injury (§ 245, subd (a)(4)).
> The trial court sentenced defendant to a 21-year aggregate term, calculated as follows: on count one, a five-year upper term for robbery, along with a 10-year firearm use enhancement pursuant to section 12022.53, subdivision (b); on count two, a one-year term (one-third the middle term) for the second robbery, along with a three-year four-month firearm use enhancement (one-third the middle term); on count three, an eight-month term (one-third the middle term) for felon in possession of a firearm; and a one-year prior prison term enhancement.
> In selecting the upper term on count one, the court noted the victims' vulnerability; the indication of planning, sophistication, and professionalism; the indication defendant is a serious danger to society; and defendant's numerous adult convictions and sustained juvenile proceedings.
> Just prior to sentencing, defense counsel noted defendant is a youthful offender: "Given my client's age, he was born in 1997, ... the legislature has now decided that someone of [defendant's] age is still considered a youthful offender."

ECF 14, Lod. Doc. 2, pgs. 2-3.

///

///

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), ". . . a determination of a factual issue made by a State court shall be presumed to be correct." Findings of fact in the last reasoned state court decision are entitled to a presumption of correctness, rebuttable only by clear and convincing evidence. See <u>Runningeagle v. Ryan</u>, 686 F.3d 759 n.1 (9th Cir. 2012). Petitioner bears the burden of rebutting this presumption by clear and convincing evidence. See <u>id.</u> These facts are, therefore, drawn from the state court's opinion(s), lodged in this court. Petitioner may also be referred to as "defendant."

**B.     Procedural History**

Petitioner was charged with two counts of second-degree robbery (Pen. Code, § 211) and one count of felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)), in Sacramento County Superior Court, on May 24, 2017.  See ECF No. 14, Lod. Doc. 1, pg. 1; see also ECF No. 14, Lod. Doc. 2, pg. 11.  On August 30, 2017, Petitioner was found guilty of all charges by a jury.  See ECF No. 14, Lod. Doc. 1, pg. 3.  On October 20, 2017, Petitioner was sentenced to a determinate state prison term of twenty-one years.  See ECF No. 14, Lod. Doc. 1, pg. 1; see also ECF No. 14, Lod. Doc. 2, pg. 1.

Petitioner appealed, and on January 3, 2020, the appellate court modified the judgement, striking the one-year prison term enhancement and remanding the case to the trial court to consider striking the firearm enhancement, but affirmed the judgement in relation to Petitioner's claims of ineffective assistance of counsel during sentencing and Petitioner's claim that the case should be remanded to stay restitution fees pursuant to Dueñas.[2]  See ECF No. 14, Lod. Doc. 2, pg. 10.  On February 3, 2020, Petitioner sought review of the issues that were affirmed by the appellate court from the California Supreme Court.  See ECF No. 14, Lod. Doc. 3.  On March 11, 2020, the California Supreme Court denied the petition for review, without prejudice to any relief that Petitioner may be entitled to after the determination of a pending case, People v. Kopp, S257844.  See ECF No. 14, Lod. Doc. 4.  Petitioner has not filed for any state post-conviction relief.

Petitioner filed the present petition on April 13, 2020.  See ECF No. 1.

The state trial court remand proceedings were scheduled for July 6, 2020.  See ECF No. 14, Lod. Doc. 1, pg. 1.  The state trial court continued the proceedings, and the remand proceedings were then scheduled for September 25, 2020.  See ECF No. 21, Lod. Doc. 5.

/ / /

/ / /

/ / /

/ / /

---

[2]     People v. Dueñas, 30 Cal.App.5th 1157 (2019).

3

## II.  DISCUSSION

Respondent has brought a motion to dismiss Petitioner's habeas petition on abstention doctrine grounds and for failure to exhaust all available state remedies.  Petitioner has brought two claims before the Court: (1) that his conviction violated the guarantee against double jeopardy; and (2) that he received ineffective assistance of counsel by his attorney before and during trial.  Respondent's motion to dismiss should be granted pursuant to the abstention doctrine and for failure to exhaust available state remedies.

### A.  **Abstention Doctrine**

Federal courts, in the interest of promoting the fundamental principles of comity and federalism, are prohibited from enjoining ongoing state proceedings, except under "extraordinary circumstances where the danger of irreparable loss is both great and immediate." Younger v. Harris, 401 U.S. 37, 45 (1971); see also Brown v. Ahern, 676 F.3d 899, 900 (9th Cir. 2012).  "'Younger abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.'" Page v. King, 932 F.3d 898, 901-902 (9th Cir. 2019) (quoting Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018)).  If a final judgement has not been entered in state court the proceeding is ongoing for Younger abstention purposes.  See Page, 932 F.3d at 902; see also San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1093 (9th Cir. 2008).

When the requirements of Younger are satisfied the federal court should abstain unless there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).  The extraordinary circumstances required to make abstention inappropriate must demonstrate that there is an impending irreparable injury, greater than the incidental injury caused by an ordinary criminal proceeding.  See Younger, 401 U.S. at 45-50.

///

Abstention in this case would be appropriate, as the above conditions required by Younger have been met and there are no extraordinary circumstances which would make abstention inappropriate. There is an ongoing judicial proceeding. As of August 10, 2020, the remand proceedings relating to Petitioner's case were scheduled for September 25, 2020. See ECF No. 21, Lod. Doc. 5, pg. 1. Once the remand proceedings have taken place there will still be a sixty-day period, during which Petitioner could appeal the decision, before the determination of the state trial court becomes final. There is an important state interest to allow the state court to correct any instances in which there is a violation of an individual's rights. Petitioner will be able to raise any constitutional challenges during the proceeding. Finally, federal court action here would interfere with state proceedings; abstention here is appropriate because a determination on this petition could interfere with the determination of the state trial court.

There is no showing of the extraordinary circumstances that would make abstention improper in this case. There is no indication that Petitioner will be subjected to any irreparable injury that is greater than the incidental injury of a criminal prosecution.

As the requirements of Younger abstention have been met and there is no showing of the extraordinary circumstances which would result in abstention being improper, it is appropriate for the Court to abstain from these proceedings.

**B.    Exhaustion**

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).[3] The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the

---

[3]    Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2).

5

time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[4]

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001). Nor is exhaustion satisfied if the state court can only discover the issue by reading a lower court opinion in the case. See Baldwin v. Reese, 541 U.S. 27, 32 (2004).

/ / /

/ / /

/ / /

---

[4] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

1    Petitioner raises two claims in his habeas petition.  Petitioner contends that his
2 right to protection from double jeopardy was violated and that he received ineffective assistance
3 of counsel before and during the trial when his attorney: (1) failed to provide a sufficient defense,
4 due to Petitioner being found guilty of firearm enhancements when no firearm was found; (2)
5 coerced him into proceeding with a trial, rather than accepting a plea deal; (3) instructed
6 Petitioner to keep his head down and not look at the jury during the trial; and (4) failed to
7 emphasize strengths in the defense's case and attack weaknesses in the prosecution's case. See
8 ECF No. 1 at pg. 5.

9    Petitioner did file direct appeals following his conviction, both to the state
10 appellate court and to the California Supreme Court.  See ECF No. 1 at pg. 2: see also ECF No.
11 14, Lod. Doc. 2 and 3.  However, at the appellate court Petitioner raised four issues unrelated to
12 the presently presented issues.  See ECF No. 14, Lod. Doc. 2.  There Petitioner argued: (1) that
13 remand was required to allow the trial court discretion to strike a sentencing enhancement; (2)
14 that he received ineffective assistance of counsel at sentencing when his attorney failed to
15 adequately address his status as a youth offender; (3) that the imposition of fines and fees without
16 a hearing violated his rights under Dueñas; and (4) that a one year prison enhancement should be
17 stricken due to a change in California law.  Id. at 1-2.  The appellate court ruled in Petitioner's
18 favor in part, remanding the case to trial court to allow the court to exercise its discretion as to
19 whether it would strike the sentencing enhancements and striking the one year prison
20 enhancement, but affirmed the judgement with respect to the ineffective assistance of counsel and
21 the Dueñas issue.  Id. at 10.  Petitioner then petitioned the California Supreme Court for review
22 and was denied review on both issues, without prejudice to potential relief on the Dueñas issue,
23 pending a determination in a separate case.  See ECF No. 14, Lod. Doc. 4.

24    Petitioner did not raise a double jeopardy claim in his prior appeals and as such has
25 failed to exhaust the claim.  While Petitioner did raise ineffective assistance of counsel arguments
26 in front of both the state appellate court and the California Supreme Court, the contentions of the
27 previous claim and the present claim were different.  Before the state courts, Petitioner argued
28 that he received ineffective assistance of counsel when his attorney failed to sufficiently provide

7

information that might be relevant to a future youthful offender parole hearing.  Petitioner is presently bringing a number of claims that involve counsel's actions before and during trial, not the actions that occurred during sentencing that were previously contested.  As these are fundamentally different from the claims presented to the state courts, they are also not exhausted.

As such it would be proper to grant Respondent's motion to dismiss for failure to exhaust claims.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss (ECF No. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 23, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE